IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH LESLIE DRAFFEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-169-NJR-DGW |
| | ) | |
| VENERIO SANTOS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Appoint Counsel, or Allow Voluntary Dismissal, and Consolidate Filing Fees, filed by Plaintiff, Joseph Draffen, on May 15, 2014 (Doc. 30), and the Motion for Joinder in Plaintiff's Motion for Voluntary Dismissal, filed by Defendant, Venerio Santos, on May 15, 2014 (Doc. 31).  For the reasons stated below, Plaintiff's Motion to Appoint Counsel or Allow Voluntarily Dismissal, and Consolidate Filing Fees is **TAKEN UNDER ADVISEMENT IN PART and DENIED IN PART**, and Defendant's Motion for Joinder is **GRANTED**.

**Plaintiff's Motion to Appoint Counsel or Allow Voluntary Dismissal (Doc. 30)**

In this Motion, Plaintiff is requesting this Court appoint him counsel, or, in the alternative, grant voluntary dismissal of his claim.  Plaintiff has previously filed a similar motion in this matter (Doc. 21) on December 26, 2013, which was denied, without prejudice (Doc. 23).  In its previous Order, the Court determined that Plaintiff had never filed a motion to appoint counsel in this case.  Rather, Plaintiff had requested an appointment of counsel, which was denied, in another case that he filed, 11-cv-826-PMF.  As such, the Court never had the opportunity to

examine factors to determine if Plaintiff was competent to litigate this matter.

With respect to Plaintiff's Motion currently under consideration, Plaintiff again states that he has made a reasonable attempt to obtain counsel, and references his Motion to Appoint Counsel filed on September 14, 2011. Again, Plaintiff appears to have confused this case with 11-cv-826-PMF, which has since been voluntarily dismissed pursuant to this same motion. Plaintiff has not filed a Motion to Appoint Counsel that would allow this Court to examine factors to determine Plaintiff's competency to litigate this matter. As such, Plaintiff's Motion to Appoint Counsel is **DENIED**.

Plaintiff's Motion asks the Court to grant voluntary dismissal of his claim if he is not appointed counsel in this case. As the Court is denying Plaintiff's Motion to Appoint Counsel, the Court construes this as a Motion for Voluntary Dismissal. Plaintiff is **ADVISED** that he has **thirty (30) days** from the date of this Order to object to dismissal of his lawsuit. As such, Plaintiff's request for voluntary dismissal is **TAKEN UNDER ADVISEMENT**. Absent an objection by Plaintiff in the time prescribed, the Court will recommend dismissal of this case.

### Plaintiff's Motion to Consolidate Filing Fees (Doc. 30)

Plaintiff requests that this Court consolidate his filing fees for this case, and case number 11-cv-826-PMF. The Seventh Circuit has instructed that "the fees for filing the complaint and appeal cumulate. Otherwise a prisoner could file multiple suits for the price of one …" *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). A prisoner who files one suit must remit 20% of his monthly income to the Clerk of the Court until his fees have been paid; a prisoner who files two suits must remit 40%; and so on. *Newlin*, 123 F.3d at 436. In this instance, Plaintiff's initial Complaint was severed into two separate lawsuits, and, as

such, he was assessed two separate filing fees. Plaintiff was directed to notify the Court if he did not wish to proceed with the instant lawsuit in order to avoid incurring an additional filing fee. Plaintiff failed to make any such notification and this case moved forward. As such, the filing fees Plaintiff complains of have been assessed and collected in accordance with the applicable statute, 28 U.S.C. § 1915(b)(2). Accordingly, Plaintiff's request to consolidate his filing fees is **DENIED**.

**Defendant's Motion to Join Plaintiff's Motion to Voluntarily Dismiss his Actions (Doc. 31)**

Defendant Venerio Santos moves to join Plaintiff's Motion to Voluntarily Dismiss this action. Defendant Santos indicates he has no objection to Plaintiff's motion and urges the Court to dismiss this matter as requested by Plaintiff. Defendant's Motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: June 26, 2014**

>> **DONALD G. WILKERSON**
**United States Magistrate Judge**