IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH LESLIE DRAFFEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-0169-NJR-DGW |
| | ) |
| VENERIO SANTOS, | ) |
| | ) |
| Defendant. | ) |

# ORDER ADOPTING REPORT AND RECOMMENDATION

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 35), which recommends that Plaintiff's Motion for Voluntary Dismissal be granted and the case be dismissed in its entirety.

On February 15, 2013, Plaintiff filed a *pro se* Complaint against Defendant Venerio Santos alleging that Defendant Santos was deliberately indifferent to Plaintiff's serious medical needs while he was incarcerated at Centralia Correctional Center. Judge G. Patrick Murphy conducted a threshold review of the case on April 5, 2013 (Doc. 8). Upon Judge Murphy's retirement, the case was reassigned to Judge J. Phil Gilbert on December 3, 2013, and then reassigned to the undersigned District Judge on May 20, 2014. On May 15, 2014, Plaintiff filed a Motion to Appoint Counsel or, in the

Alternative, to Voluntarily Dismiss this Case (Doc. 30). On June 26, 2014, Magistrate Judge Wilkerson denied Plaintiff's Motion to Appoint Counsel, finding that Plaintiff had never filed an adequate Motion to Appoint Counsel in this case (*See* Doc. 33). Thus, Magistrate Judge Wilkerson was unable to examine the factors related to Plaintiff's competency to litigate this matter (*Id.*). Magistrate Judge Wilkerson took the Motion for Voluntary Dismissal under advisement, however, and gave Plaintiff thirty days from the date of the Order to object to dismissal of the lawsuit (*Id.*). Plaintiff never objected to the June 26 Order. Thus, Magistrate Judge Wilkerson recommends granting Plaintiff's motion (Doc. 30) because Plaintiff was denied counsel, he did not file an objection to the Magistrate Judge Wilkerson's June 26 Order, and voluntary dismissal without prejudice is warranted.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). The record indicates that Plaintiff filed a motion to voluntarily dismiss his case and has subsequently had two opportunities to change his mind and object to the possibility of dismissal. Plaintiff has filed no such objection. Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Plaintiff may request dismissal of an action, and the Court may dismiss on terms that it deems proper. In light of the foregoing, the undersigned District Judge agrees that a dismissal without prejudice is proper here.

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 35) and **GRANTS** Plaintiff's Motion for Voluntary Dismissal filed May 15, 2014 (Doc. 30). The case is **DISMISSED without prejudice**, and the Clerk of Court is **DIRECTED** to close the case on the Court's docket.

IT IS SO ORDERED.

DATED: September 8, 2014

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**